UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN GIRTLER,

        Plaintiff,

        v.                              Case No. 25-cv-2047-bhl

OFFICER T. TADDY,
OFFICER BEHRENSPRUNG, and
JOHN DOE,

        Defendants.

# SCREENING ORDER

      Plaintiff Jason Allen Girtler, who is currently confined at the Washington County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was confined at the Manitowoc County Jail. This matter comes before the Court on Girtler's motion for leave to proceed without prepaying the full filing fee, his motion to withdraw his consent to magistrate judge jurisdiction, and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Girtler has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Girtler has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $9.67. Girtler's motion for leave to proceed without prepaying the filing fee will be granted.

## MOTION TO WITHDRAW CONSENT

      On January 9, 2026, Girtler filed a form consenting to the jurisdiction of a magistrate judge. On January 12, 2026, he filed a motion seeking to withdraw his consent. He requests that his case proceed before a district judge rather than a magistrate judge. The Court will grant his motion.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Girtler, on February 15, 2023, he was in segregation at the Manitowoc County Jail. Officers Behrensprung and T. Toddy informed him he was to return to general population. They gave him the option of going to Pod 3C or 3D. Girtler explains that he had previously fought with inmates in both pods, "so either choice was an issue for [him]." Girtler stated that he would just stay in segregation. Officers told him that was not an option, and if he refused to leave, he would not be able to use any communications systems. Girtler asserts that they then turned off his

phone, messages system, and even his tv. Girtler agreed to move to Pod 3C even though he would have to be around people who had already threatened him repeatedly.

Girtler explains that he ignored the disrespect for as long as he could, but about three weeks later he was attacked. He states that he felt like his life was on the line. He explains that everyone in that jail knew each other but he did not know anyone. He states that the officers treated him differently because he is a "rougher looking 'street' Milwaukee type." According to Girtler, he suffered numerous broken bones in his face, lacerations, bruising, and swelling from being attacked.

## THE COURT'S ANALYSIS

Based on publicly available records, it appears that Girtler was a pretrial detainee while he was confined at the Manitowoc County Jail. Accordingly, his claim arises under the Fourteenth Amendment. "Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution," and they may sue jail staff who fail to protect them. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022). To state "a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

The Court cannot reasonably infer that Defendants violated the Fourteenth Amendment when they gave Girtler the option of moving to one of two general population pods rather than accepting his demand that he stay in segregation. Girtler does not allege any facts suggesting that Defendants were or should have been on notice of any unreasonable substantial risk to Girtler's safety by returning him to the general population at the jail. Girtler asserts that he told the officers that he preferred to stay in segregation, but he does not allege that he provided them with any specific facts that would have caused them to believe that returning him to the general population unreasonably placed him at a substantial risk of serious harm. He had no constitutional right to remain in a specific jail cell just because he preferred it. Girtler does not allege that he told Defendants why he wished to stay in segregation. At most, Girtler alleges that he was placed in segregation because he had gotten into a fight with another inmate, but again, he does not allege

3

that Defendants knew why he had been placed in segregation. He states only that they informed him he had an option of which general population pod he would like to move to. "The unfortunate reality is that jails and prisons are dangerous places inhabited by violent people." *Thomas*, 39 F.4th at 842. Accordingly, the Court cannot reasonably infer that Defendants acted unreasonably merely because they did not defer to Girtler's preference to stay in segregation and avoid a general population pod.

Moreover, Girtler and the inmate who later attacked him lived together in the same pod without incident for nearly a month after Girtler was moved to that pod, and Girtler apparently made no reports during that time that he felt unsafe. Without any allegations supporting an inference that Defendants should have been on notice of a substantial risk to Girtler's safety, Girtler fails to state a claim on which relief can be granted. *See, e.g., Kemp*, 27 F.4th at 497.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Girtler believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **March 27, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Girtler's failure to state a claim in his original complaint. If Girtler does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Girtler's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Girtler's motion to withdraw his consent to magistrate judge jurisdiction (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 27, 2026**, Girtler may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Girtler a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Girtler shall collect from his institution trust account the $340.33 balance of the filing fee by collecting monthly payments from Girtler's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Girtler is transferred to another institution, the transferring institution shall forward a copy of this Order along with Girtler's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Girtler is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Girtler is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of February, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge