JASON ALLEN GIRTLER,

       Plaintiff,

       v.                              Case No. 25-cv-2047-bhl

OFFICER T. TADDY,
OFFICER BEHRENSPRUNG, and
JOHN DOE,

       Defendants.

## SCREENING ORDER

Plaintiff Jason Allen Girtler, who is currently incarcerated at the Washington County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Manitowoc County Jail. On February 26, 2026, the Court screened the complaint and after concluding that it failed to state a claim on which relief could be granted, gave Girtler the opportunity to file an amended complaint, which he did on March 9, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Girtler asserts that in February 2023, he had an altercation with Black inmates on his pod after he used a racially derogatory name. Girtler was placed in segregation following the fight. On February 15, 2023, Defendant Officers Behrensprung and Taddy told him he was being moved to the pod that adjoined his previous pod. Girtler explains that the jail is small, and the two pods are separated by a door, through which inmates can communicate. According to Girtler, the inmates on his previous pod had informed the inmates on his new pod that he had used the racially derogatory name. Girtler states that he told the officers that he has problems with people on both pods and that he preferred to stay in segregation. He asserts that they told him he had to move, and they took away his communication privileges. Girtler felt that he had to move to the new pod. Girtler explains that for about three weeks he avoided trouble, but eventually he was attacked and severely beaten. Girtler asserts that the officers who moved him to the new pod were aware of the danger he faced on that pod because he told them.

### THE COURT'S ANALYSIS

"Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution, and under section 1983 they may sue jail or prison staff who fail to protect them." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A failure-to-protect claim brought by a pretrial detainee arises under the Fourteenth Amendment. *Id*. To state such a claim, a plaintiff must allege: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate the risk—even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Id*.

Based on the foregoing legal standard, Girtler states a claim against Officers Taddy and Behrensprung based on allegations that they forced him to move to a pod where they knew Girtler faced a serious risk of harm from other inmates. Girtler does not, however, state a claim against John Doe supervisors who allegedly allowed or approved the move because the Court cannot reasonably infer from Girtler's allegations that they were aware that Girtler faced a risk of harm

2

and the doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Manitowoc County Officer T. Taddy and Officer Behrensprung pursuant to Federal Rule of Civil Procedure 4. Girtler is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Officer T. Taddy and Officer Behrensprung shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that Girtler does not state a claim against the John Doe Supervisors, so the clerk's office is directed to terminate the placeholder from this action.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 31st day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3